JUAN CINTRÓN MERCADO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, A. FIOL NEGRÓN, JUDGE, Respondent. ELÍAS LUGO TORRES, Intervener.

No. 2054. Argued March 1, 1954.—Decided March 10, 1954.

*Mario Báez García* for petitioner. *M. Figueroa del Rosario* for intervener, plaintiff in the main action.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

This certiorari proceeding involves the interpretation of some of the Rules for Appeals from the District Court to the Superior Court. On July 3, 1953 the Añasco Section of the District Court rendered judgment sustaining an unlawful

detainer proceeding brought by Elías Lugo Torres against Juan Cintrón Mercado. On July 8, defendant Cintrón Mercado filed in that court a notice of appeal which was duly served. In it, defendant stated that he was appealing from the judgment and also prayed "that the notes taken by the Judge as well as the recording of the proceeding be presented in order to perfect this appeal within the statutory period." It appears from the record that the proceedings were recorded.

On July 13, the brief was filed in the Mayagüez Court without including the transcript of evidence or the written summary of the case. On July 23, the District Judge of the Añasco Section filed a motion in the Superior Court, Mayagüez Part, praying the Superior Court to grant him "and the defendant a term of 16 days as of today, in order to file the corresponding summary of the case and submit it for decision to said Superior Court." On that same day, the Superior Court issued an order granting the District Judge a term of 15 days to file the summary of the case, to expire on August 7. On August 3, plaintiff in the original suit, Elías Lugo Torres, filed in the Superior Court a motion to dismiss the appeal, based solely on alleged defects of the bond furnished for appeal. On August 7, the summary of the case was filed in the District Court, sending copies thereof to the parties. From the record it transpires that the original of the summary was filed in the Superior Court on August 12. On August 17 a hearing on the motion to dismiss was held at the Superior Court. On August 20, the Mayagüez Court rendered a decision dismissing the appeal, not on the grounds adduced by the plaintiff as to the bond furnished, but by virtue of the opinion given by the Court *motu proprio* to the effect that, having filed and notified the record on appeal on July 13, appellant had not filed his brief in the Superior Court within the term of 15 days counted from July 13. The Superior Court based its decision on Rule 7 of the Rules for Appeals from the District Court to the

Superior Court, which provides that within fifteen days after the parties are notified of the filing of the record on appeal, or within whatever extension of time is granted, the attorney for the appellant shall file in the Superior Court his brief, and if appellant fails to do so, the court *motu proprio* or on motion of appellee shall dismiss the appeal. The defendant, and appellant at the Superior Court, moved for reconsideration of that decision of August 20, which was denied. On motion of the defendant Cintrón Mercado, we issued a writ of certiorari for the purpose of reviewing the order of dismissal rendered by the Mayagüez Court on August 20.

The decision challenged was legally incorrect since pursuant to Rule 5 of the afore-mentioned Rules, *the record* on appeal shall consist not only of the original record, but also of "the summary of the case or the transcript of the evidence, and the recording of the proceedings at the request of a party." Rule 7 provides in part that the brief shall be filed in the Superior Court within fifteen days after the parties are notified of the filing of *the record* on appeal. On July 13, the original transcript of evidence had been filed in the Superior Court, but not the record to which the Rules refer, since the summary of the case which in this case had to be an integral part of the record, had not yet been filed. Therefore, the term of fifteen days set for filing the brief could not begin to run on July 13. Precisely, the Superior Court itself, Mayagüez Part, although by an inadequate procedure, as we shall see hereinafter, had granted an extension for filing the summary of the case in order that the record on appeal be completed. When the motion to dismiss was decided, the summary of the case had already been filed in the Superior Court, but the fifteen days after the filing of the summary of the case were still running. Naturally, there might be cases where it is proper to dismiss an appeal for failure to include the summary of the case in the "record" sent to the Superior Court, within a legally

adequate period of time. But that is not the situation here. It has not been shown that the delay in sending the summary of the case was imputable to the appellant. On the contrary, when he filed his notice of appeal, he moved that "the notes taken by the Judge" as well as the recording of the proceeding be sent to the Superior Court.

 The appeal brought here from the District Court to the Superior Court was characterized by several departures from the proceedings authorized by the Rules. Rules 5, 6, 7 and 8 provide in part the following:

"5. An appeal shall be taken by filing a written notice thereof with the Secretary of the part where the case was tried, after notice to the opposing counsel of record, or to the party himself if he has no counsel, within ten (10) days after the Secretary files in the record the notice of judgment as provided by law. If the notice of appeal is not filed within the said ten (10) days, the appeal shall be dismissed by the appropriate judge of the Superior Court.

"Within twenty (20) days after the notice of appeal is filed, the district judge who tried the case shall deliver to the Secretary, as a part of the record on appeal, a written summary of everything which transpired in the case, unless the appellant informs the judge in writing within five (5) days after the appeal is filed that he will prepare a transcript of the evidence in lieu of the said summary.

"The transcript of the evidence shall be filed by the appellant in the office of the Secretary within the said period of twenty (20) days, after serving a copy thereof on opposing counsel, or on the party himself if he has no counsel. This period of time may be extended, for just cause, by the judge who tried the case for a maximum period of twenty (20) days. If the transcript of the evidence is not filed within the latter period of time, the district judge shall prepare the written summary described in the second paragraph of this rule within the following twenty (20) days. If the judge, for just cause, is unable to prepare the summary of the case within the said period, he shall prepare and file it within a reasonable time.

"The parties may present objections to the summary made by the judge within ten (10) days after the Secretary notifies

them of the filing thereof. If a transcript of the evidence is filed, the judge shall within ten (10) days hear the parties before approving the transcript.

"If the period fixed for presenting objections expires and none are presented, or if the judge disposes of said objections and approves the transcript of the evidence, it shall be the duty of the appellant to have the record on appeal sent to the Superior Court through the Secretary of the court within the following ten (10) days.

"If the record on appeal is not sent to the Superior Court within the said period or any extension thereof, the appeal shall be dismissed.

"The record on appeal shall consist of the original record, the summary of the case or the transcript of the evidence, and the recording of the proceedings at the request of a party.

"6. The parties shall be notified promptly of the filing of the record on appeal by the Secretary of the Superior Court.

"7. Within fifteen (15) days after the parties are notified of the filing of the record on appeal, or within whatever extension of time is granted, the attorney for the appellant shall file in the Superior Court his brief which shall contain a concise statement of the facts of the case, as well as an assignment of errors alleged to have been committed by the District Court. Each error shall be assigned and discussed separately in the brief. If appellant fails to file his brief within the term provided herein or within the extension granted him, the court *motu proprio* or on motion of appellee shall dismiss the appeal.

"A copy of the said brief shall be served by the attorney for the appellant on the attorney for the appellee. Notice of such service shall be acknowledged on the original brief or the latter shall include a certificate of such service. When there are several appellees and they are represented by different attorneys, a copy of the brief shall be delivered to each of them. The same shall be done by the appellee, when there are several appellants and they are represented by different attorneys. When a party is represented by more than one attorney, it is sufficient to serve a copy of the brief on one of them.

"Fifteen (15) days after service of a copy of appellant's brief or within whatever extension is granted, the appellee shall file his brief in the Superior Court in conformity with the requirements of this rule.

"A motion to dismiss an appeal shall not interrupt the running of the period of time to file briefs on the merits.

"The case shall be set for oral argument if any of the parties so requests in writing within five (5) days after the brief of the appellee is filed or upon failure of the appellee to file a brief within the period provided therefor. If no such request is made, the case shall be considered as submitted for decision on the briefs.

"Oral argument shall be limited to fifteen (15) minutes by each party for the principal argument and five (5) minutes for rebuttal. These periods may be extended in the discretion of the judge who hears the appeal.

"Briefs shall be typewritten, double-spaced, and not more than fifteen (15) pages on legal-size paper, unless the court expressly authorizes a greater number of pages.

"8. The judge who hears the appeal may affirm, modify, or reverse the judgment, remand the case for further proceedings, or, when appropriate, enter the judgment the District Court should have entered."

In the case at bar appellant timely filed the notice of appeal. He did not inform the District Judge, in writing, within the five days after filing the notice of appeal, that he intended to prepare a transcript of evidence in substitution for the summary of the case. On the contrary, he affirmatively requested that the summary of the case be prepared. The proper thing to do, therefore, was for the District Judge to prepare and file the summary of the case within twenty days after the filing of the notice of appeal or within a reasonable term, and for the summary to be notified to the parties in order that they could object to it within 10 days after service of notice. If no objections were presented within that period of time, or if the objections presented were disposed of, then, and not before, it was appellant's duty to send the record to the Superior Court through the Secretary of the corresponding section of the District Court, within five days after the period fixed for presenting objections expired when none are presented, or within five days after the judge disposed of the objections.

In the case at bar, the Añasco Section of the District Court did not act pursuant to Rule No. 5. It sent before time, and piecemeal, a part of the record to the Superior Court, before the summary of the case had been approved by the District Court. The entire record must be sent to the Superior Court at one time within five days after the termination of the proceedings in the District Court regarding the summary of the case or the transcript of evidence, as it may be. In view of that rule it was improper in this case for the District Judge to request the Superior Court for an extension for filing the summary of the case. It must be the District Judge himself, in the first instance, who determines whether there are good reasons for his being unable to prepare the summary of the case within the 20 days after the filing of the notice of appeal, and he is also the one to determine, in the first instance, the reasonableness and extension of the additional term required for preparing the summary.

Another procedural irregularity which appears in the record is the fact that the parties were not given an opportunity to present their objections to the summary of the case in the District Court.

The departures in prosecuting the appeal which we have enumerated do not justify the dismissal of the appeal, since appellant was not responsible for such deviations. Pursuant to Rule No. 8, the Mayagüez Part of the Superior Court must remand the case to the Añasco Section of the District Court ordering the latter to comply with Rule No. 5 in the manner we have stated, as to the final preparations of the complete record on appeal, in order that it be subsequently sent to the Superior Court.

The decision appealed from will be set aside and the case remanded to the Mayagüez Part of the Superior Court for further proceedings not inconsistent with this opinion.